contract or transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action; or, in an action on contract, any other cause of action on contract existing at the commencement of the action. It is to be noted that there are two kinds of causes of action which may be set up as a counterclaim against the plaintiff. It seems to me that a demurrer which does not specify on which of the grounds mentioned in section 501 it relies is within the prohibition of section 496, and should be disregarded. The object of a demurrer is to specify the reason why the pleading to which the demurrer is taken is not a good pleading, and a demurrer which simply says that the counterclaims are not of the character specified in section 501 of the Code does not specify the defects in the counterclaim. For these reasons, the first and second grounds of the demurrer are not good.

The third ground of the demurrer is that the alleged counterclaims do not, nor does any of them, state facts sufficient to constitute a cause of action. Each of the counterclaims is based on a judgment obtained against the plaintiff, and contains sufficient allegations to entitle the defendant suing as plaintiff to recover.

The demurrer is overruled, with costs, with leave to the plaintiff to withdraw demurrer and reply on payment of such costs. Ordered accordingly.

---

(19 Misc. Rep. 95.)

### ANDERSON v. REID et al.

(Supreme Court, Special Term, Kings County. January, 1897.)

CLUBS—RIGHT TO ISSUE STOCK.
     A boat club organized under Laws 1875, c. 267, relating to clubs for social, athletic, and similar purposes, has no power to issue stock on which the votes of members shall be based, as in stock companies.

Action by Henry Anderson against John W. Reid, president of the Varuna Boat Club, and said Varuna Boat Club. Plaintiff moves for a preliminary injunction. Denied.

Plaintiff as the owner of 23 shares of stock of the Varuna Boat Club claimed the right to vote upon his stock, and cast one vote, for each share, at the approaching annual election. Defendants had declared an intention to reject such votes. The defendants, admitting the allegations of the complaint and the statements contained in the affidavits, insist that as the Varuna Boat Club was created under and in pursuance of chapter 267 of the Laws of 1875, for the purposes of boating, athletic and social sport, as appeared by the complaint, it had no right to issue stock, declare or pay dividends thereon, and confer upon its members the right to vote upon such stock, as it did by its constitution, and that the provisions of the constitution to such effect were ultra vires and void; that the members could only vote as such, each member having but one vote.

Magner & Hughes, for the motion.

James & Thomas H. Troy, opposed.

Quoted provisions of general corporation law defining distinction between different classes of corporations (chapter 563, Laws 1890), especially defining stock, nonstock, and membership corporations, the limitation of powers of corporations (section 10, c. 72, Laws 1895), and qualification of voters (section 20, c. 687, Laws 1892), and claimed that those acts merely recognized

and declared the distinction that had always previously existed in this country and in England, and cited decision of Lord Chancellor St. Leonard in 1832, that "a social club, although an association, was not such within the meaning of those acts which were obviously, although not specifically, designed to apply to associations of business and profit." In re St. James Club, 13 Eng. Law & Eq. 589; In re Livingston Sportsmen's Ass'n (Sup.) 2 N. Y. Supp. 63.

GAYNOR, J. Each member of the corporation is entitled to one vote. It had, and has, no right to issue stock and make the votes be upon shares, as in stock corporations.

The motion is denied, with $10 costs. Ordered accordingly.